# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| MARK SAIKI,<br>Petitioner, | § § § | |
| v. | § | EP-21-CV-126-DB |
| STATE OF TEXAS,<br>Respondent. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Mark Saiki asks the Court to intercede in his ongoing state criminal proceedings through a petition for a writ of habeas corpus under 28 U.S.C § 2241. Pet'r's Pet, ECF No. 5-1. His petition is denied.

## BACKGROUND AND PROCEDURAL HISTORY

Saiki, county prisoner number 9680659, is a pretrial detainee at the El Paso County Jail Annex. Id. at 1. He explains that on or about April 15, 2021, he consumed one beer and later that day, after a three-block chase by a police officer "wearing black ninja gear," was tackled and arrested for public intoxication and assaulting a police officer. Id. at 7. He adds his trial on the assault charge in case number 20210D01018 in the 384th Competency Court of El Paso County is not scheduled until January 14, 2022. Exhaustion Resp. 1, ECF No. 8. He maintains his arrest was unconstitutional because there was "no nexus between consuming . . . one beer at 2:00 p.m. and [his] arrest at 7:00 p.m." Pet'r's Pet. 7. He claims the officer was "not wearing an identifiable public uniform [and] did not announce himself as an officer." Id. He asserts "the officer had no reason to believe that [he] was the one throwing rocks in the road." Id. He asks the Court to order his release from jail. Id. at 8.

## APPLICABLE LAW

The writ of habeas corpus "protect[s] . . . individuals against erosion of their right to be

free from wrongful restraints upon their liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963). A person may obtain habeas relief under § 2241 when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 applies to a person in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998).

A court may sua sponte dismiss a § 2241 petition when "it appears from the application that the ... person detained is not entitled thereto." 28 U.S.C. § 2243. However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986). "This rule against no-notice sua sponte dismissal is subject to two exceptions: if the dismissal is without prejudice, or if the plaintiff has alleged his best case." Brown v. Taylor, 829 F.3d 365, 370 (5th Cir. 2016) (citing Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## ANALYSIS

Saiki asks the Court to intervene in his ongoing state criminal proceedings and order his release from pretrial detention. Pet'r's Pet. 8. He claims his trial is not scheduled until January 14, 2022. Exhausting Resp. 1. He explains he "cannot exhaust his [state] remedies to the appellate courts until after they are denied by the [state] district courts." Id.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court must not interfere with a pending state criminal prosecution either by injunction or declaratory judgment in the absence of extraordinary circumstances showing a threat of irreparable injury which is both great and immediate. Younger, 401 U.S. at 53. The Younger doctrine requires a

federal court to decline to exercise jurisdiction over state criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." Bice v. La. Pub. Defender Bd., 677 F.3d 712, 716 (5th Cir. 2012) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)) (internal citations omitted). A "[p]etitioner must satisfy the Younger abstention hurdles before [a court] may give habeas relief." Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977). This precludes "the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484, 493 (1973).

Saiki awaits his trial for allegedly assaulting a police officer. "The state has a strong interest in enforcing its criminal laws." DeSpain v. Johnston, 731 F.2d 1171, 1176 (1984). If convicted, Saiki will have the opportunity to appeal the trial court's decision. Saiki may still raise and resolve his constitutional challenges in his state-court proceedings. If this Court grants Saiki any relief it may interfere with the state courts' ability to conduct their proceedings and resolve Saiki's claims. The Court will accordingly decline to exercise jurisdiction in this matter.

## CONCLUSIONS AND ORDERS

The Court concludes that it appears from Saiki's petition that his request for § 2241 relief is premature. The Court observes that Saiki should exhaust his state court remedies before requesting federal intervention. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Saiki's petition for a writ of habeas corpus under 28 U.S.C § 2241

3

(ECF No. 5-1) is **DENIED** and his civil cause is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this _13th_ day of July 2021.

_____
**DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE**